UNITED STATES DISTRICT COURT
DISTRICT OF WESTERN WISCONSIN-ED/REC'D

2024 JAN 22 A 11: 58

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

BROCK FREDIN,

Plaintiff,

--against--

ADAM KLASFELD,
JAF COMMUNICATIONS, INC., d/b/a
"THE MESSENGER",
ALLISON GREENFIELD,
FRANK RUNYEON,

Defendants.

Case No.

**24    CV    -45    JDP**

**COMPLAINT**
Jury Trial Demanded

Plaintiff Brock Fredin ("Plaintiff") proceeding *pro se*, hereby alleges the following against Defendant Adam Klasfeld ("Defendant Klasfeld"), Defendant JAF Communications, Inc., d/b/a "The Messenger ("Defendant The Messenger"), Defendant Allison Greenfield ("Defendant Greenfield"), Defendant Frank Runyeon ("Defendant Runyeon"), collectively ("Defendants").

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  The Court also has federal question jurisdiction under 28 U.S.C. § 1331.

2.    Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) exists in this action.

3.    Venue is proper pursuant to 28 U.S.C. § 1332(b)(1) and (b)(2) because the events that gave rise to this action occurred in this Judicial District.

## THE PARTIES

4.    Brock Fredin is the Plaintiff.  He resides in Hudson, WI.

1

5.      Defendant Adam Klasfeld is a so-called "journalist" for The Messenger, an online publication.  Upon information and belief, Defendant Klasfeld has an address of 3070 34th St, Apt 3E, Astoria, NY 11103.

6.      Defendant The Messenger, JAF Communications, Inc. d/b/a "The Messenger" is a Florida corporation that owns the website The Messenger (www.TheMessenger.com).  Upon information and belief, JAF has a principal place of business at 222 Lakeview Ave, STE 1650, West Palm Beach, FL 33401-6100.

7.      Defendant Allison Greenfield is the Principal Law Clerk for Justice Arthur Engoron in the Manhattan Supreme Court.  Upon information and belief, Defendant Greenfield has an address of 60 Centre Street, New York, NY 10007.

8.      Defendant Frank Runyeon is a so-called "journalist" for Law360.  Upon information and belief, Defendant Runyeon has an address of 320 W 117th St, Apt 5A, New York, NY 10026.

## FACTUAL ALLEGATIONS

### I.      Judicial Protest Twitter Account

9.      Plaintiff operates the Twitter/X account "@JudicialProtest."

10.     Beginning in September 2023, Plaintiff began posting through @JudicialProtest about observed corruption in the *People v. Trump et al.* civil trial against former President Trump accusing him of business fraud.

11.     Specifically, @JudicialProtest uncovered videos, documents and other information exposing Justice Arthur Engoron, the presiding judge in *People v. Trump et al.*, and his Principal Court Attorney of engaging in repeated instances of unethical behavior and conduct.

12.    With respect to Justice Engoron, Plaintiff attended a contempt hearing in May 2022 in *Sage Reality Corp. v. Robert Wallack* presided over by Justice Engoron in which self-proclaimed celebrity divorce attorney Robert Wallack was being sued for nearly a half a million dollars in back rent. After having a judgment entered against him, Mr. Wallack had no-showed multiple depositions, refused to comply with multiple judicial subpoenas and engaged in other misconduct to thwart execution on the judgment. During the contempt hearing, Justice Engoron seemed totally unconcerned with Mr. Wallack's attorney misconduct and contemptuous behavior. Instead, he forced Sage Reality Corp. to settle with Mr. Wallack for pennies on the dollars. During this same period of time, Justice Engoron was holding President Trump in contempt of court for $10,000 a day because he was "unsatisfied" with President Trump's document productions in predecessor special proceeding to *State v. Trump et al.* At this time, it was clear that Justice Engoron's judicial rulings were politically motivated and that he did not equally or fairly apply the law.

13.    In October 2023, Plaintiff uncovered a document where Justice Engoron specially "thanked" over two dozen Democrat organizations during his judicial invocation in 2016.

14.    More importantly, Plaintiff uncovered a series of habitual and repeated instances on judicial and attorney misconduct by Allison Greenfield. These included, but are not limited to the following:

    a.    While serving as a Court Attorney, Ms. Greenfield made political donations in excess of ethical limits imposed by New York law;

    b.    While running for judicial office, Ms. Greenfield made political donations to Democrat organizations in excess of ethical limits imposed by New York law;

c. While running for judicial office, Ms. Greenfield made political donations to political campaigns in violation of New York ethics laws;

d. During the pendency of the *State v. Trump et al.* proceeding and its predecessor special proceeding and while she was both a Court Attorney and a candidate for judicial office, Ms. Greenfield attended nearly 50 Democrat political events and fundraisers, petitioned for Democratic candidates to get on the primary ballot and engaged in other highly partisan political activities — many times while she was supposed to be "on the clock" as a Court Attorney — in violation of New York ethics rules;

e. During the pendency of the *State v. Trump et al.* proceeding and its predecessor special proceeding and while she was both a Court Attorney and a candidate for judicial office, Ms. Greenfield attempted political rallies and was captured on video cheering for President Joe Biden, even exclaiming he was the "best President in history" in violation of New York ethics rules;

f. During the pendency of the *State v. Trump et al.* proceeding and its predecessor special proceeding and while she was both a Court Attorney and a candidate for judicial office, Ms. Greenfield attended and participated in campaign events for New York Attorney General Letitia James — the state official who brought the *State v. Trump et al.* case and its predecessor special proceeding against President Trump — in violation of New York ethics rules; and

g. During the pendency of the *State v. Trump et al.* proceeding, Ms. Greenfield has leaked anti-Trump information to Democrat reporters including Defendant

4

Klasfield, Michael Popok at MeidasTouch and Lisa Rubin at MSNBC to name a few.

15.    Plaintiff submitted complaints to various New York agencies and commissions concerning Ms. Greenfield's habitual and repeated unethical behavior.    These complaints are attached hereto as Exhibit B.

16.    Plaintiff also made videos describing Ms. Greenfield's unethical behavior and posted them to @JudicialProtest.    Additionally, in other tweets, Plaintiff published documents and other evidence that illustrated Ms. Greenfield's judicial and attorney misconduct.    Those tweets can be found at:

- https://twitter.com/JudicialProtest/status/1734622799942267248
- https://twitter.com/JudicialProtest/status/1729313124463874474
- https://twitter.com/JudicialProtest/status/1728558981998583907
- https://twitter.com/JudicialProtest/status/1723965412860219516
- https://twitter.com/JudicialProtest/status/1721356462021059006
- https://twitter.com/JudicialProtest/status/1711445860804919340
- https://twitter.com/JudicialProtest/status/1711150898490052789
- https://twitter.com/JudicialProtest/status/1710447247027011851
- https://twitter.com/JudicialProtest/status/1709978127428981140
- https://twitter.com/JudicialProtest/status/1709343401823326485
- https://twitter.com/JudicialProtest/status/1708951557234909321
- https://twitter.com/JudicialProtest/status/1708862668495331818

17.    All posts Plaintiff has made concerning Justice Engoron have either been parody or legitimate criticism of a public official protected by the First Amendment.

18.    All posts Plaintiff has made concerning Ms. Greenfield have been legitimate criticism of a public official protected by the First Amendment.

II.    Trump Retweet

19.    On October 3, 2023, during the second day of the *State v. Trump et al.* trial, President Trump "retruthed" a tweet made by Plaintiff on his @JudicialProtest account. The tweet by Plaintiff contained an image taken from Ms. Greenfield's then public campaign Instagram account @Greenfield4civilcourt. The image was of Ms. Greenfield with Senator Chuck Schumer — one of President Trump's chief political rivals — at a Democrat fundraiser while the *State v. Trump et al.* case was pending. The "retruthed" post is below:



20.    As a result of President Trump's post, Justice Engoron imposed a (unconstitutional) gag order on Trump barring him from speaking out publicly against Ms. Greenfield and his court staff. The gag order has been the subject of much political debate, many legal appeals and legal actions.

21. Since that time, Plaintiff has continued to uncover additional misconduct by Justice Engoron, his family members and Ms. Greenfield, which he has spoken out against through @JudicialProtest.

### III. Defendant Adam Klasfeld

22. Defendant Klasfeld is a Democrat operative and hack journalist. He joined The Messenger some time in 2023 after he was fired from Law & Crime, upon information and belief, for serious misconduct.

23. Since 2016, Defendant Klasfeld has repeatedly been a mouthpiece for Democrats and has published false, misleading and inaccurate information about President Trump.

24. Since the beginning of the *State v. Trump et al.* civil trial, Defendant has repeatedly posted false, misleading and inaccurate information about the trial as well as false, misleading and inaccurate information defending Ms. Greenfield's apparent judicial and attorney misconduct. (*See* Exhibit B.) This included false reporting that Ms. Greenfield did NOT violate ethics rules concerning political campaign donations — even citing the wrong ethical rules. (*See* https://themessenger.com/author/adam-klasfeld/YXJyYXljb25uZWN0aW9uOjc2Nzg5NA==; https://themessenger.com/politics/trump-gag-order-new-york-violence-risk-judge-appeals-court; https://themessenger.com/politics/trump-lawyers-judge-clerk-appeal-spike-gag-order; https://themessenger.com/politics/judge-denies-trump-mistrial-motion-civil-fraud-case; https://themessenger.com/politics/trump-gag-order-new-york-clerk-appellate-court; https://themessenger.com/politics/trump-attorneys-mistrial-bias-judge-clerk; https://themessenger.com/politics/judge-gags-trump-lawyers-serious-sanctions; https://themessenger.com/politics/trump-lawyer-clerk-threaten-mistrial-morning-engoron-gag.)

### IV. Allison Greenfield and Adam Klasfeld Connection

25.    On or about December 1, 2023, Plaintiff discovered that Ms. Greenfield was unethically leaking anti-Trump information and talking points to Defendant Klasfeld.

26.    Plaintiff uncovered this when he noticed that Ms. Greenfield's personal Twitter/X account @GreenyEsq was following a handful of reporters who were heavily reporting and spamming YouTube videos on the *State v. Trump et al.* trial, including Defendant Klasfeld, Ben Meiselas at MeidasTouch, Lisa Rubin at MSNBC and a host of others.

V.    The December 14, 2023 Retaliatory Article published by Defendant Klasfeld

27.    In retaliation for uncovering the leaking of information by Ms. Greenfield to Democrat outlets and reporters covering the *State v. Trump et al.* case, Defendant Klasfeld wrote a totally unethical and defamatory smear piece about Plaintiff on December 14, 2023, which he reposted to his personal Twitter/X twice and later pinned to the top of his account. (*See* Exhibit C.)

28.    Furthermore, Plaintiff has reason to believe that the article was written at the behest and instigation of Justice Engoron and Allison Greenfield. Upon information and belief, Ms. Greenfield contacted Defendant Klasfeld requesting that he write the smear piece at issue in order to dissuade Plaintiff from posting any further information or evidence concerning her misconduct or the misconduct of Justice Engoron.

29.    Indeed, Plaintiff submitted a Freedom of Information Law request for public records related to Justice Engoron and Ms. Greenfield's unethical political conduct, communications and unlawful behavior in *State v. Trump et al.* (*See* Exhibit D.) The New York Unified Court System initially denied it with an unlawful "blanket" denial of the entire request. (*See* Exhibit E.) Plaintiff appealed the denial, but never received any response. (*See* Exhibit F.) Plaintiff believes that the December 14, 2023 article was published in an attempt to dissuade him

8

from pursuing a lawsuit under New York's FOIL statute for Justice Engoron, Ms. Greenfield and the New York Office of Court Administration's ("NYOCA") failure to produce the requested public records in his FOIL request.

30.     The FOIL response is particularly egregious and hypocritical considering that Justice Engoron and Ms. Greenfield held President Trump in contempt requiring him to pay $10,000 a day (and $110,000 in total) because they were "unsatisfied" with Trump's document production in the predecessor special proceeding to *State v. Trump et al.*

### VI.     Defendant Runyeon's Pile-On Defense

31.     At the encouragement or direction of Defendant Klasfeld and Allison Greenfield, Defendant Runyeon used his X/Twitter account "@FrankRunyeon" to falsely claim that Ms. Greenfield's political contributions remained within the legal limits set for New York State Unified Court System judicial staff.   This statement was made despite the fact that Ms. Greenfield's political contributions significantly surpassed the annual limit of $500.



### VII.     Defendants Tortious Interference

32.     Upon information and belief, Defendant Klasfeld and Greenfield either directly or indirectly, through third parties, intentionally made contact with Plaintiff's professional work.

9

33.    In early October 2023, Plaintiff was notified that a third party, believed to be Defendant Klasfeld, Greenfield, and Runyeon working together, had directly reached out to Plaintiff's professional activities.

34.    Defendants continued their actions, intentionally constituting a disruption of Plaintiff's work, likely involving several additional instances of contact, until present.

35.    Defendant Klasfeld's article mentions several "women" who are believed to have been in contact with him. These individuals are known for their repeated interference through communication with Plaintiff's professional contacts and by soliciting defamatory articles from national media outlets.

36.    It is presumed that Defendant Klasfeld and Greenfield were aware, or ought to have been aware, that their article, which is false and defamatory, would also be used to disrupt and interfere with Plaintiff's professional activities.

VIII.    The Defamatory Statements in the December 14, 2023 Smear Piece

37.    In the December 14, 2023 smear piece, Defendant Klasfield expressly insinuates and conveys false and defamatory statements that Plaintiff is somehow *criminally harassing* Ms. Greenfield with his posts on @Judicial Protest. Specifically, the article states: "harassment of women that echoes his attacks on Greenfield," "He has attacked the targeted women in their professional circles," "[which] echoes of the attacks on the judge's clerk," "created harassing websites about them," and that Plaintiff was "targeting Greenfield, Fredin openly threatened other courtroom clerks whose judges ruled in favor of one of his victims," "share videos attacking people connected to his cases," "Fredin has filed retaliatory lawsuits," "appear to mirror his actions toward Greenfield," "Fredin did not answer multiple phone calls to the phone number that he listed in

court records, and he did not respond to email inquiries by the time of publication," and that "This pattern continues with Trump's trial."

38.     As stated above, all of Plaintiff's posts and statements concerning Ms. Greenfield are true.  Nowhere in the December 14, 2023 smear piece does Defendant Klasfeld dispute or "debunk" any of the information about Ms. Greenfield in the @JudicialProtest posts about her. This includes:

a.  While serving as a Court Attorney, Ms. Greenfield made political donations in excess of ethical limits imposed by New York law;

b.  While running for judicial office, Ms. Greenfield made political donations to Democrat organizations in excess of ethical limits imposed by New York law;

c.  While running for judicial office, Ms. Greenfield made political donations to political campaigns in violation of New York ethics laws;

d.  During the pendency of the *State v. Trump et al.* proceeding and its predecessor special proceeding and while she was both a Court Attorney and a candidate for judicial office, Ms. Greenfield attended nearly 50 Democrat political events and fundraisers, petitioned for Democratic candidates to get on the primary ballot and engaged in other highly partisan political activities — many times while she was supposed to be "on the clock" as a Court Attorney — in violation of New York ethics rules;

e.  During the pendency of the *State v. Trump et al.* proceeding and its predecessor special proceeding and while she was both a Court Attorney and a candidate for judicial office, Ms. Greenfield attempted political rallies and was captured on video cheering for President Joe Biden, even exclaiming he was the "best President in history" in violation of New York ethics rules;

f.  During the pendency of the *State v. Trump et al.* proceeding and its predecessor special proceeding and while she was both a Court Attorney and a candidate for judicial office, Ms. Greenfield attended and participated in campaign events for New York Attorney General Letitia James — the state official who brought the *State v. Trump et al.* case and its predecessor special proceeding against President Trump — in violation of New York ethics rules; and

g.  During the pendency of the *State v. Trump et al.* proceeding, Ms. Greenfield has leaked anti-Trump information to Democrat reporters including Defendant Klasfeld, Michael Popok at MeidasTouch and Lisa Rubin at MSNBC to name a few.

39.    Moreover, Plaintiff's statements concerning Justice Engoron and Ms. Greenfield are protected First Amendment speech as legitimate criticism of a public official and, at times related to Justice Engoron, hyperbole and satire.

40.    Furthermore, the December 14, 2023 smear piece asserts that Plaintiff in engaged in some kind of conspiracy with President Trump and acts as his agent or "proxy" to post information about Ms. Greenfield.  Specifically, the article states: "Justice Engoron made clear that Trump and his attorneys cannot "evade" his gag orders through "employees or agents,"" "Fredin's public statements show that he believes that Trump endorsed his sentiments," "Fredin seems to feel validated by Trump's attention," "It remains unclear how Trump learned about @JudicialProtest's social media account or why he decided to share it with an audience of millions," and that "Trump's attorney or surrogates repeatedly cited or boosted Fredlin's (sic) online content."

41.    This is completely false.  Plaintiff has never had contact with President Trump, anyone associated with President Trump or President Trump's campaign.  Likewise, he has never acted on anyone else's behest or instruction with respect to the @JudicialProtest posts.

## COUNT 1: DEFAMATION *PER SE*
### (Defendant Klasfeld and Defendant The Messenger)

42.    Plaintiff incorporates by reference paragraphs 1-41 of this Complaint as though fully set forth herein.

43.    Defendants have made false and defamatory statements concerning Plaintiff as set forth above in this Complaint.

44.    Defendants knew their representations were not true while falsely communicating the representations as statements of fact knowing they are demonstrably false.

12

45. Defendants defamatory statements accused Plaintiff of committing a serious crime, i.e. criminally harassing or attacking a public official rather than criticizing the public official for misconduct, and are therefore defamatory *per se*.

46. On December 14, 2023, Defendants published and continues to publish these false statements to numerous individuals on their X/Twitter accounts and website.

47. Defendants enjoy no privilege concerning these statements.

48. As a proximate result of Defendants defamatory statements and unlawful conduct, Plaintiff has suffered severe harm and is entitled to actual and punitive damages in an amount to be proven at trial. Plaintiff also seeks injunctive relief requiring Defendants to remove the defamatory material and posts from their accounts and website.

## COUNT 2: CONSPIRACY TO DEFAME
### (Defendants)

49. Plaintiff re-alleges and incorporates by reference paragraphs 1-48 of this Complaint as though fully set forth herein.

50. Defendants acted in concert with Allison Greenfield to defame Plaintiff.

51. Defendants have made false and defamatory statements concerning Plaintiff as set forth above in this Complaint.

52. Defendants' statements are statements of fact and are demonstrably false.

53. Defendants' defamatory statements accused Plaintiff of committing a serious crime, i.e. criminally harassing or attacking a public official rather than criticizing a public official for their misconduct.

54. On December 14, 2023, Defendants acted in concert to publish and continues to publish these false statements to numerous individuals on their X/Twitter accounts and website.

13

55.     Defendants actively and knowingly withheld Allison Greenfield's leaks to themselves and her identity despite being materially aware that they were attempting to discredit Plaintiff's First Amendment exercise that otherwise exposed Ms. Greenfield's unlawful conduct.

56.     Defendants acted in concert and was designed to hide Allison Greenfield as a source of the leaks from being produced in FOIL productions.

57.     Defendants acted in concert and was designed to hide Allison Greenfield's unlawful communications and misconduct from being produced in FOIL productions.

58.     Defendants enjoy no privilege concerning these statements.

59.     As a proximate result of Defendants defamatory statements and unlawful conduct, Plaintiff has suffered severe harm and is entitled to actual and punitive damages in an amount to be proven at trial.  Plaintiff also seeks injunctive relief requiring Defendants to remove the defamatory material and posts from their X.com accounts and website.

## COUNT 3: TORTIOUS INTERFERENCE
### (Defendant Klasfeld, Defendant The Messenger, Defendant Greenfield)

60.     Plaintiff re-alleges and incorporates by reference paragraphs 1-59 of this Complaint as though fully set forth herein.

61.     Plaintiff had a contract or prospective contractual relationship with a third party.

62.     Defendants interfered with this relationship.

63.     The interference was intentional.

64.     Defendants enjoy no privilege concerning these actions.

65.     As a proximate result of Defendants interference and unlawful conduct, Plaintiff has suffered severe harm and is entitled to actual and punitive damages in an amount to be proven at trial.

## COUNT 4: CONSPIRACY TO TORTIOUSLY INTERFERE

14

(Defendants)

66.    Plaintiff re-alleges and incorporates by reference paragraphs 1-65 of this Complaint as though fully set forth herein.

67.    Plaintiff had a contract or prospective contractual relationship with a third party.

68.    Defendants interfered with this relationship.

69.    The interference was intentional.

70.    Defendants enjoy no privilege concerning these actions.

71.    As a proximate result of Defendants interference and unlawful conduct, Plaintiff has suffered severe harm and is entitled to actual and punitive damages in an amount to be proven at trial.

## COUNT 5: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
### (Defendants)

72.    Plaintiff re-alleges and incorporates by reference paragraphs 1-71 of this Complaint as though fully set forth herein.

73.    Defendants acted in concert to publish a false allegation on their X/Twitter accounts and website.

74.    Defendants outrageous conduct was designed to stop Plaintiff in his tracks from continuing to report on Allison Greenfield's unlawful conduct.

75.    Defendants outrageous conduct was designed to hide Allison Greenfield as a source of the leaks from being produced in FOIL productions.

76.    Defendants outrageous conduct was designed to intimidate Plaintiff from exercising his First Amendment rights.

77.    Defendants outrageous conduct was designed to hide Allison Greenfield's unlawful communications and misconduct from being produced in FOIL productions.

15

78.    Defendants outrageous conduct was designed to dismiss ethics complaints filed against Allison Greenfield and to limit Defendants own legal liability.

79.    Defendants have engaged, instigated, and directed a course of extreme and outrageous conduct with the intention of causing, or reckless disregard for causing, emotional distress to Plaintiff, namely the publication and dissemination of patently false and sensational statements about him in concert with Allison Greenfield.

80.    Defendants enjoy no privilege concerning these actions.

81.    As a proximate result of Defendants actions, Plaintiff has suffered, and continues to suffer severe and extreme emotional distress, entitling him to actual and punitive damages, in an amount to be proven at trial.

## ATTORNEY FEES AND COSTS

Plaintiff demands reasonable attorney fees, costs, and fees pursuant to statute or court rules.

## JURY TRIAL DEMANDED

Plaintiff demands a jury on all issues which may be properly tried by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Fredin prays that the Court:

a. Enter judgment in favor of Plaintiff against Defendants;

b. Enter judgment awarding Plaintiff compensatory damages on all counts herein to compensate Plaintiff for Defendants activity complained of herein and for any injury complained of herein, inclusive of interest and costs, in an amount to be determined at trial;

c. Enter judgment awarding punitive, exemplary, enhanced and/or treble damages as allowed by applicable state and federal law in an amount to be determined at trial;

16

d. Enter judgment awarding Plaintiff his fees and costs reasonably incurred in this action as allowed by applicable state and federal law; and

e. Order such other relief that the Court deems just and appropriate.

Dated: January 20, 2024
Saint Croix Co., WI

s/ Brock Fredin
Brock Fredin
Saint Croix Co., WI 54016
(612) 424-5512 (tel.)
brockfredin@icloud.com
Plaintiff, *Pro Se*

17