UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

BROCK FREDIN,

                    Plaintiff,

                    --against--

ADAM KLASFELD,
JAF COMMUNICATIONS, INC., d/b/a
"THE MESSENGER",
ALLISON GREENFIELD,
FRANK RUNYEON,

                        Defendants.

Case No.: 24-CV-45 jdp

---

**DEFENDANT GREENFIELD'S BRIEF IN SUPPORT OF HER MOTION TO DISMISS**

---

**Table of Contents**

*INTRODUCTION* ................................................................................................. 3

*COMPLAINT ALLEGATIONS* ........................................................................ 4

*ARGUMENT* ........................................................................................................ 7

    I.    **Personal Jurisdiction Principles** ....................................................... 7

    II.    **Fredin Cannot Satisfy the Requirements of Wisconsin's Long Arm Statute** ......................... 8

        A.    **Because Greenfield lacks substantial contacts with Wisconsin, the Court cannot exercise general personal jurisdiction under Wisconsin's long arm statute.** ..................................................... 9

        B.  **Because Greenfield lacks the required minimum contacts, the Court cannot exercise of specific personal jurisdiction over her under Wisconsin's long arm statute** ......................... 9

            1.    **The long arm provision in Wis. Stat. § 801.05(3) Local act or omission is not met because Greenfield has not acted in Wisconsin.** ......................... 9

            2.    **The long arm provision in Wis. Stat. § 801.05(4) Local injury; foreign act cannot be met because Greenfield has not solicited in Wisconsin.** ......................... 10

    III. **Exercising personal jurisdiction over Greenfield would offend Due Process' traditional notions of fair play and substantial justice.** ......................................................... 12

        A.    **The Due Process Clause** ......................................................... 12

            1. General Jurisdiction - Due Process requirements not met ......................... 13

            2. Specific Jurisdiction - Due Process requirements not met. ......................... 13

    IV. **The Court lacks personal jurisdiction because Fredin failed to serve Greenfield as required by Fed. R. Civ. P. 4.** ......................................................... 15

    V. **Under Rule 12(b)(6), the complaint fails to state a claim against Greenfield on the counts directed against her, which are counts 2, 3, 4 and 5.** ......................................................... 17

        A.    **The Complaint does not meet the legal requirements for a defamation claim because the words are not pled.** ......................................................... 18

        B.    **The Complaint lacks facts supporting claims for tortious interference.** ......................... 19

        C.    **The Complaint lacks facts supporting claims for emotional distress which is based on alleged defamation and tortious interference** ......................... 20

*CONCLUSION* ................................................................................................. 21

## INTRODUCTION

The case can be decided on a narrow issue Does the Court have personal jurisdiction over Allison Greenfield, a resident of New York, in this action based on diversity jurisdiction? The short answer is a resounding, "No." Based on that reason alone, the Court must dismiss this action. Even if the Court had personal jurisdiction over Greenfield, the complaint should be dismissed for failure to state a claim under Rule 12(b)(6).

The Plaintiff, Brock Fredin, a resident of Wisconsin, operates the Twitter/X account @Judicial Protest. Fredin filed this action *pro se* against four New York defendants, including Allison Greenfield. She is the Principal Law Clerk for Judge Arthur Engoron who presided over the recent New York civil fraud case before the Manhattan Supreme Court against Donald J. Trump, *inter alia*, resulting in a judgment against Mr. Trump of over $450 million with interest. People of the State of New York v. Donald Trump et al., Index No. 452564/2022.

Fredin is a prolific tweeter and litigator. One of Fredin's tweets in October 2023 during the said Trump trial included an image of Greenfield with Senator Chuck Schumer at a fundraiser. (ECF 2 ¶19) Soon thereafter, Trump retweeted the image with a false statement about Greenfield, prompting Judge Engoron to issue an order prohibiting Trump from commenting on court personnel, which the press referred to as a "gag order." Ultimately the order was upheld by the New York court of appeals. Trump's retweeting of Fredin's post gained Fredin notoriety, resulting in press coverage about him and his activities, including past cases in which he was a party.

Fredin's complaint alleges claims against Greenfield and two reporters for defamation and tortious interference including an article he describes as a smear piece published by *The Messenger* on December 14, 2023. He makes vague references to alleged interference with an

unidentified contract or prospective contractual relationships with unidentified third parties and that these events and a few others intentionally inflicted emotional distress. Fredin alleges intentional infliction of emotional distress because he has not received requested records to his FOIL requests. (ECF 2 ¶¶ 74-81) The complaint lacks any factual support of Greenfield's authority or control over FOIL requests.

While none of the claims against Allsion Greenfield are legally sufficient to state a claim for which relief may be granted, even if they were sufficient, this Court lacks personal jurisdiction over Allison Greenfield, a citizen of the State of New York, who has no contacts or activity in or directed to Wisconsin. (Greenfield Decl.)

This Court lacks personal jurisdiction over Greenfield under Wisconsin's long arm statute, the Due Process Clause, the insufficient summons and insufficient service of process all require dismissal of the complaint against her. Therefore, under Federal Rules of Civil Procedure 12(b)(2), Greenfield moves for dismissal for lack of personal jurisdiction.

Further, the complaint is legally insufficient in its assertions of claims based on defamation, tortious interference with contracts or intentional infliction of emotional distress. Under Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss the complaint. (Upon filing a notice of appearance, it was learned Fredin is receiving electronic notice of filings so they will not be mailed although mailing was stated on the certificate of service for ECF 6).

## COMPLAINT ALLEGATIONS

Brock Fredin filed this action against 1) Adam Klasfeld, an online reporter, 2) his employer JAF Communications, Inc. d/b/a *The Messenger,* an online publication,[1] 3) Allison Greenfield, the

---

[1] JAF Communications, Inc dba The Messenger stopped doing business on January 31, 2024, See e.g., https://news.bloomberglaw.com/daily-labor-report/the-messenger-hit-with-class-action-over-recent-mass-layoffs

Principal Law Clerk to Judge Arthur Engoron who presided over a civil fraud case against Donald J. Trump, and 4) Frank Runyeon, a reporter for Law360, an online publication.

Fredin's complaint seeks a judgment against Greenfield in four of the alleged five counts. The first count for defamation per se is only pled against Klasfeld and his employer, JAF. The remaining counts include claims against Greenfield and by number are: (2) conspiracy to defame, all Defendants; (3) tortious interference with unspecified "professional work and professional activities" against Klasfeld, *The Messenger* and Greenfield; (4) conspiracy to tortiously interfere with those same unspecified activities, against all Defendants; and (5) the intentional infliction of emotional distress against all Defendants.

Fredin claims that Defendant, Adam Klasfeld, published at Judge Engoron and Greenfield's behest. a "smear" piece on *The Messenger's* website on December 14, 2023 accusing Fredin of committing a serious crime i.e., criminally harassing or attacking a public official. (ECF 2 ¶53). Paragraph 37 alleges that the Klasfeld article "expressly insinuates and conveys false and defamatory statements that Plaintiff is somehow *criminally harassing* Ms. Greenfield with his posts on @ Judicial Protest" (Id. ¶ 28). The complaint includes the following in quotes: ""harassment of women that echoes his attacks on Greenfield," "He has attacked the targeted women in their professional circles," "[which] echoes of the attacks on the judge's clerk", "created harassing websites about them," and that Plaintiff was "targeting Greenfield, Fredin openly threaten other courtroom clerks whose judges ruled in favor of one of his victims", "share videos attacking people connected to his cases," "Fredin has filed retaliatory lawsuits", "appear to mirror his actions toward Greenfield"" (Id. at 37.)

While Fredin did not serve any exhibits with his complaint, the *Messenger* article is filed with the Court as an exhibit at ECF 2-1. Based on the quotes it appears the claimed defamation appears to be an alleged *insinuation* of criminal harassment based on the quotes.

Support for quoted article's statements about Fredin can be found in numerous court decisions including one by the U.S. District Court for Minnesota which described him as a malicious and vexatious litigant. *Fredin v. Middlecamp*, No. 17-cv-03058 (SRN/HB), 2020 U.S. Dist. LEXIS 219065, at *32 (D. Minn. Nov. 23, 2020). The court ordered him to take down certain websites and videos, including those about defendants, their counsel, past and current, and a magistrate judge. *Id*. The court ruling on a motion to find Fredin a vexatious litigant, further included in the order a prohibition of filing pro se complaints in that court without permission from the chief judge. *Id*.

Fredin admits he has posted numerous online items critical about Greenfield, including numerous videos and cites to 12 of his tweets. Fredin describes the tweets as including documents and other evidence that illustrates her "judicial and attorney misconduct". (ECF 2 ¶¶ 16, 19). Fredin also states he has submitted complaints to various New York agencies and commissions concerning Greenfield. (Id. at ¶15). While he claims that he attached them to the complaint, he did not. He has filed them with the court as ECF 2-2 but failed to serve them on Greenfield.

Fredin purports to connect Greenfield to Klasfeld's article with the allegation that Fredin noticed Greenfield was following a handful of reporters on her personal Twitter /X account who were heavily reporting on Trump's civil fraud trial. Fredin leaps to a factually unsupported conclusion that this is evidence she was unethically leaking anti-Trump information and talking points to Klasfeld for his article. (ECF 2 ¶25-26). He provides no supporting allegations.

Fredin further alleges that "Upon information and belief, Greenfield contacted Defendant Klasfeld requesting that he write the smear piece at issue in order to dissuade Plaintiff from posting any further information or evidence concerning her misconduct or the misconduct of Judge Engoron." (Id. at ¶28). Again, this is factually unsupported.

As to Defendant, Frank Runyeon, Fredin alleges that Runyeon is a journalist at Law360 who, at the encouragement or direction of Klasfeld and Greenfield, used his X/Twitter account to falsely claim that Greenfield's political contributions were within the legal limits set for New York State Unified Court System judicial staff. (Id. at ¶31). Again, he alleges no supporting facts.

Notably, Fredin's complaint does not state or quote the alleged defamatory statement. Nor as related to his claims for tortious interference does he even identify the contract or prospective contract allegedly interfered with or describe how the relationship was interfered with. (ECF 2 ¶¶ 60-71). The Complaint does not allege Greenfield has conducted any activities in Wisconsin.

## ARGUMENT

### I.        Personal Jurisdiction Principles

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal when the Court lacks personal jurisdiction. While a complaint need not allege facts demonstrating the existence of personal jurisdiction, once a defendant moves to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020) If the defendants submit "evidence opposing the district court's exercise of personal jurisdiction, the plaintiffs must similarly submit affirmative evidence supporting the court's exercise of jurisdiction. *Matlin v. Spin Master Corp.*, 921 F. 3d 701, 705 (7th Cir. 2019).

A federal court in a diversity case has personal jurisdiction over the parties only if a court of the state in which the federal court sits would have such jurisdiction. *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995). When determining whether it has personal jurisdiction, a federal court in Wisconsin is a two-step process.  The court first must determine whether the Wisconsin long arm statute, Wis. Stat. § 801.05, applies to the non-resident defendant. *Mid-America Tablewares, Inc. v. Mogi Trading Co*., 100 F.3d 1353, 1358-59 (7th Cir. 1996). The court resolves this question by determining whether the defendant meets any of the criteria under one of the subsections for personal jurisdiction under Wisconsin's long arm statute, Wis. Stat. § 801.05. *Johnson Litho Graphics v. Sarver*, 2012 WI App 107, ¶6, 344 Wis. 2d 374, 824 N.W.2d 127.

The second step, if the plaintiff shows compliance with the long arm statute, the plaintiff then must independently satisfy the more rigorous requirements of the Due Process Clause. *Fabry Glove & Mitten Co. v. Spitzer*, 908 F. Supp. 625, 640 (E.D. Wis. 1996).

## II.      Fredin Cannot Satisfy the Requirements of Wisconsin's Long Arm Statute

Under Wisconsin's long arm statute, personal jurisdiction can be either general or specific. *Rasmussen v. General Motors Corp*., 2011 WI 52, ¶ 15, 335 Wis. 2d 1, 803 N.W.2d 623. If a plaintiff can establish general jurisdiction over a nonresident defendant under Wis. Stat. § 801.05(1), "the defendant may be brought before Wisconsin courts for claims that are unrelated to the defendant's activities in Wisconsin." *Id*. If the court does not have general jurisdiction over the defendant, the exercise of specific jurisdiction is more limited, and "the claim for relief for which personal jurisdiction is sought must be substantially connected to or arise out of the defendant's contacts with Wisconsin." *Id.* at ¶ 15.

8

**A.  Because Greenfield lacks substantial contacts with Wisconsin, the Court cannot exercise general personal jurisdiction under Wisconsin's long arm statute.**

Personal jurisdiction takes two forms—general and specific. General jurisdiction is all-purpose; it permits a defendant to be sued in a forum for any claim, regardless of whether the claim has any connection to the forum state. *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011). For a state to have general jurisdiction over a defendant, however, the defendant's contacts must be "so 'continuous and systematic' as to render [it] essentially at home in the forum state." *Id.* (citation omitted). General jurisdiction is "a demanding standard," and "considerably more stringent" than the standard for specific jurisdiction. *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003)).

General jurisdiction over Greenfield does not exist in Wisconsin. She is not present or domiciled in Wisconsin. Indeed, Greenfield has no connections with Wisconsin. She has never been in Wisconsin. She has not engaged in substantial and not isolated activities within Wisconsin as required by Wis. Stat. § 801.05(1)(d). (Greenfield Decl.) Accordingly, no evidence supports the Court's exercise of personal jurisdiction over Greenfield based on general jurisdiction.

**B.  Because Greenfield lacks the required minimum contacts, the Court cannot exercise of specific personal jurisdiction over her under Wisconsin's long arm statute**

**1.  The long arm provision in Wis. Stat. § 801.05(3) Local act or omission is not met because Greenfield has not acted in Wisconsin.**

The question of whether a court may exercise specific jurisdiction focuses on 'the relationship among the defendant, the forum, and the litigation." *Harley-Davidson Motor Co. v. Motor Sport, Inc.*, 960 F. Supp. 1386, 1391 (E.D. Wis. 1997). Since Greenfield is not a resident or domiciled in Wisconsin, Fredin would have to prove this Court has Wisconsin's jurisdiction

9

under the local act or omission provision of the long arm provision applying to "any action claiming injury to person or property within or without [Wisconsin] arising out of an act or omission within [Wisconsin] by the defendant." Wis. Stat. § 801.05(3).

Under this provision, the question is whether Greenfield committed an act or omission in Wisconsin. Acts or omissions occurring outside Wisconsin but having consequences felt within Wisconsin do not fit within § 801.05(3). *Lincoln v. Seawright*, 104 Wis. 2d 4, 13-14, 310 N.W.2d 596, 600-01 (1981). (Shipping as a gift a dog to Wisconsin who bit a Wisconsin resident did not meet requirements of act or omission within Wisconsin.) Acts or omissions occurring outside Wisconsin but having consequences that are felt within Wisconsin have not been found to create specific jurisdiction within the tort provisions of Wis. Stat. § 801.05(3). *See e.g.*, *Nelson v. Bulso*, 149 F.3d 701, 705 (7th Cir. 1998). In *Nelson,* the court found that § 801.05(3) does not extend to acts committed outside of the state even if the injuries claimed --malicious prosecution, abuse of process, and defamation-occurred to a Wisconsin party. *Id*. at 704.

Greenfield's lack of contacts with Wisconsin can end this inquiry. The Court has no grounds to exercise personal jurisdiction over Greenfield. Unless the plaintiff establishes jurisdiction under the long arm statute (or some other Wisconsin jurisdictional statute), a due process inquiry is superfluous. *Nelson v. Bulso*, 149 F.3d 701, 705 (7th Cir. 1998) citing *Lincoln v. Seawright*, 104 Wis. 2d 4, 310 N.W.2d 596, 601 (Wis. 1981).

**2. The long arm provision in Wis. Stat. § 801.05(4) Local injury; foreign act cannot be met because Greenfield has not solicited in Wisconsin.**

While it is not known why Fredin believes this Court has personal jurisdiction over Greenfield, the long arm provision applying to defendants who act outside of Wisconsin and cause a local injury if related to a solicitation or service carried on within Wisconsin is also not met.

Wis. Stat. § 801.05(4) applying to Local injury; foreign act covers an action claiming injury to person or property within the state arising out of an act or omission outside the state by the defendant; provided that at the time of the injury solicitation or service was carried on within the state by the defendant, or products manufactured by him were used or consumed in the state within the ordinary course of business. To obtain personal jurisdiction under § 801.05(4), a plaintiff must show three (3) jurisdictional facts: (1) an act committed outside the state by defendant, (2) an injury to person or property within the state which is claimed to arise out of the foreign act, and (3) some additional contact such as solicitation activities carried out by the defendant which link the defendant to the state. *Fields v. Peyer,* 75 Wis. 2d 644, 651, 250 N.W.2d 311 (1977).

The third requirement of the statute is that defendant must have contact with Wisconsin to carry out "solicitation activities" in the state. For the solicitation activities in Wisconsin to trigger personal jurisdiction, the defendant must anticipate receiving a financial benefit from the solicitation. *Knot Just Beads v. Knot Just Beads, Inc.*, 217 F. Supp. 2d 932, 934 (E.D. WI. 2002) citing *Schimpf v. Gerald, Inc.,* 2 F. Supp. 2d 1150, 1162 (E.D. WI. 1998); *Pavlic v. Woodrum,* 169 Wis. 2d 585, 592, 486 N.W.2d 533 (Ct. App. 1992); *Fields,* 75 Wis. 2d at 653. "The rationale behind the solicitation requirement of § 801.05(4) is that when a person solicits, the person anticipates a direct or indirect financial benefit and subjects himself to the jurisdiction of the courts of the state where the solicitation occurs". *Pavlic,* 169 Wis. 2d at 585. *See also Webber v. Armslist LLC*, 70 F.4th 945, 954 (7th Cir. 2023) (No personal jurisdiction over corporate officer even if he designed the website, as no allegation he anticipated receiving a financial benefit from users in Wisconsin because he made the decision to solicit business in Wisconsin). *Lincoln v. Seawright*, 104 Wis. 2d 4, 12, 310 N.W.2d 596, 600 (1981) (Defendant's

11

only contacts with Wisconsin were in the form of arrangements made convey a dog as a gift to Plaintiff which does not qualify as "solicitation or service activities" within the state by the defendant.)

Greenfield has not engaged in any activities in or made contact with Wisconsin. Fredin alleges because he discovered Greenfield followed some reporters who were posting about the Trump civil trial, that was somehow sufficient for him to conclude that Klasfeld wrote about him at Greenfield's "behest." (ECF 2 ¶¶ 26, 28). She made no such request. (Greenfield Decl. ¶¶ 5-6)

Greenfield did not post the alleged smear piece dated December 14, 2023, but even if she had posted an online article, such posting does not satisfy due process requirements when it does not purposefully target the Wisconsin market. *Salfinger v. Fairfax Media Ltd*., 367 Wis. 2d 311, 876 N.W.2d 160 (Wis. Ct. App. 2016). (online article published in Australia about a Wisconsin resident did not target purposefully Wisconsin internet users).

None of the allegations against Greenfield show any financial benefit to her. Thus, this provision of Wisconsin's' long arm statute cannot be a basis for personal jurisdiction over her.

## III. Exercising personal jurisdiction over Greenfield would offend Due Process' traditional notions of fair play and substantial justice.

### A. The Due Process Clause

The second step of evaluating personal jurisdiction is whether the exercise of jurisdiction complies with the Fourteenth Amendment of Due Process, but this is needed only if the plaintiff first shows he complied with the long arm statute. *Fabry Glove & Mitten Co. v. Spitzer*, 908 F. Supp. 625, 640 (E.D. Wis. 1996). When this evaluation is required, it is because to adjudicate any dispute, the Court must have either general or specific personal jurisdiction over the defendant consistent with the Due Process Clause of the U.S. Constitution. *Id.* While we contend plaintiff

cannot meet his burden on the first step, even if he did, he cannot meet the Due Process requirements of the second step.

### 1. General Jurisdiction - Due Process requirements not met

General jurisdiction is a "demanding standard that requires the defendant to have such extensive contacts with the state that it can be treated as present in the state for essentially all purposes."*uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425-26 (7th Cir. 2010). General jurisdiction is established if the nonresident's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011); *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014).

Greenfield has no contacts or activities in Wisconsin. She has never been to Wisconsin and has had no activities in Wisconsin. Nothing supports a finding of continuous and systematic contacts by her. She certainly is not at home in Wisconsin The Due Process requirements for general jurisdiction are not met. (Greenfield Decl.)  Therefore, the Court has no basis to exercise general personal jurisdiction over her.

### 2. Specific Jurisdiction - Due Process requirements not met.

The court may exercise specific personal jurisdiction if the defendant "purposefully established minimum contacts in the forum state. Even if this is established, the court must consider those contacts "in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir. 2002).

In other words, the plaintiff must establish that the "defendant purposefully availed itself of the privilege of conducting activities within the forum state." *Purdue*, 338 F.3d at 780. "Notably, it must be the activity of the defendant that makes it amenable to jurisdiction, not the unilateral activity of the plaintiff or some other entity." *Id*. The defendant must have deliberately established these contacts, or, in other words, it must have purposefully availed itself of the forum state, "such that [it] should reasonably anticipate being haled into court there." *Burger King*, 471 U.S. at 474–75 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)) (quotations omitted).

Specific personal jurisdiction arises only where the defendant's contacts with the forum state "directly relate to the challenged conduct or transaction." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). "It is the defendant—not the plaintiff or third parties—that must create the contacts in the forum state, and those contacts must be 'with the forum State itself, not . . . with persons who reside there.'" *Philos Techs., Inc. v. Philos & D, Inc*., 802 F.3d 905, 912–13 (7th Cir. 2015) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum.")). This means that defendant's contacts with the forum state must be deliberate, demonstrating a deliberate relationship with the forum state.

Any exercise of specific personal jurisdiction must satisfy three (3) requirements: (1) "the defendant's contacts with the forum state must show that it 'purposefully availed [itself] of the privilege of conducting business in the forum state or purposefully directed [its] activities at the state,'" (2) "the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities," and (3) "any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Lexington,* 938 F.3d at 878 (citing *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012)). The "purposeful availment" requirement "ensures that a defendant will

14

not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475 (cleaned up). Thus, to establish specific jurisdiction, "the foreign defendant must purposefully direct some activities into the forum, and the cause of action must 'arise out of or relate to' those activities." *Id*. (quoting *Avocent Huntsville Corp. v. Aten Int'l Co*., 552 F.3d 1324, 1330 (Fed. Cir. 2008)).

The crucial inquiry is whether a defendant's contacts with the state are such that defendant should reasonably anticipate being haled into court in that state. *Int'l Med. Grp., Inc. v. Am. Arbitration Ass'n, Inc.*, 312 F.3d 833, 846 (7th Cir. 2002). See also *Tecre Co., Inc. v. Buttonpro, Inc.*, 387 F. Supp. 2d 927, 933–34 (E.D. Wis. 2005) (holding that exercise of specific jurisdiction is permissible only where the plaintiff's cause of action would not have arisen "but for" the defendant's alleged activities in the forum).

Greenfield has made no contacts or conducted any activities in Wisconsin. It would plainly offend principles of fair play and substantial justice to require Greenfield to defend against this suit in Wisconsin. Since Greenfield has not committed any act or directed at Wisconsin, consequently she lacks minimum contacts with Wisconsin A Wisconsin court's exercise of personal jurisdiction over Greenfield would automatically run afoul of the Due Process Clause.

**IV. The Court lacks personal jurisdiction because Fredin failed to serve Greenfield as required by Fed. R. Civ. P. 4.**

Greenfield also moves to dismiss the action because Fredin has failed to comply with requirements under the federal rules for service, both as to the form of the summons, insufficient process, Rule 12(b)(4), and as to the method of service, insufficient service of process. Rule 12(b)(5). A district court cannot exercise personal jurisdiction over a defendant unless the

defendant has been properly served with process," and "the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). Deficiencies under Rule 12(b)(4) include the failure to obtain a court seal or signature on the summons. *See O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1400 (7th Cir. 1993). Knox v. Pendergast*, No. 06-C-61, 2007 U.S. Dist. LEXIS 34697, at *7 (E.D. Wis. May 11, 2007).

Greenfield was served a summons not meeting the requirements. The court's own docket supports a finding that the summons fails to comply with Rule 4. No request was made to the clerk for issuance of a summons, and none was issued. No summons is filed on the court docket.

Greenfield's declaration includes as Exhibit A a copy of the summons given for service to her clerk. (Greenfield Decl. ¶¶9-10 Ex. A). Plaintiff Fredin signed the summons as pro se plaintiff. The summons is not signed by the clerk of this court; it lacks a court seal; and it has no court stamp as required by Fed. R. Civ. P. 4(F) and (G). Since the served summons is insufficient process, the Court lacks personal jurisdiction over Greenfield. *O'Brien,* 998 F.2d at 1400.

Yet another ground for lack of personal jurisdiction is insufficient process of service. Even if the summons would have been sufficient, the service is insufficient. The requirements for proper service on individuals are established in Rule 4(e). Service must comply by following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Rule 4(e)(1). The requirements for proper service on individuals are established in Rule 4(e). *Knox v. Pendergast*, No. 06-C-61, 2007 U.S. Dist. LEXIS 34697, at *6 (E.D. Wis. May 11, 2007)

16

The deficient service was made in New York. Greenfield was not personally served. Rather service was made at her workplace upon a clerk in her assigned courtroom (Greenfield Decl. ¶¶8-13). Service requirements in New York provide for a two-step process when service is not made on the person. *Civil Practice Law and Rules §308*. For substituted service, if served on a suitable person at the defendant's place of employment, the papers must also be mailed to defendant. While the affidavit of service at ECF 4 states the papers were served on the clerk at 60 Centre St. New York, New York which is the address of the New York County Courthouse. It is not Greenfield's residence as stated in the affidavit. The affidavit also states a copy was mailed, a requirement of New York's two step process for substituted service. Greenfield never received a mailed copy at any address. Another error, while not fatal, is that the process server's affidavit incorrectly identifies the person he served as John Drew. (Greenfield Decl. ¶¶ 8-13).

**V. Under Rule 12(b)(6), the complaint fails to state a claim against Greenfield on the counts directed against her, which are counts 2, 3, 4 and 5.**

A Rule 12(b)(6) motion challenges "the sufficiency of the complaint," not the merits of the claims. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quotation omitted) When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

In contrast to a motion to dismiss under Rule 12(b)(2), a court considering a motion to dismiss under Rule 12(b)(6) generally cannot consider matters outside the pleadings. See Fed. R. Civ. P. 12(d)) However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) As the

Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.*

The Seventh Circuit has put the standard into three (3) requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of [their] claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

### A. The Complaint does not meet the legal requirements for a defamation claim because the words are not pled.

The complaint in Count 2 merely alleges Greenfield was part of a conspiracy to defame Fredin. It is established law in Wisconsin that there is no such thing as a civil action for conspiracy. *Singer v. Singer*, 245 Wis. 191, 195, 14 N.W.2d 43 (1944). An action exists for damages caused by acts pursuant to a conspiracy but none for the conspiracy alone. *Id.* "Therefore the civil conspiracy depends on the performance of some underlying tortious act." *LaFond v. Elvig*, 2003 WI App 188, ¶¶20-21, 266 Wis. 2d 1062, 668 N.W.2d 563.

This means the complaint must conform with Wisconsin's law for pleading a defamation claim. A complaint alleging defamation under Wisconsin law must set forth "the particular words complained of." Wis. Stat. § 802.03(6). *Schindler v. Seiler*, 474 F.3d 1008, 1010 (7th Cir.

18

2007). This is because a defendant in a defamation action is entitled to notice of the specific statements or implications that are alleged to be defamatory. *Mach v. Allison*, 2003 WI App 11, P28, 259 Wis. 2d 686, 656 N.W.2d 766. Since the complaint fails to state the particular words complained of, it fails to state a claim upon which relief may be granted and all claims for defamation or supported by such an allegation must be dismissed as failing to state a claim for which relief can be granted. The complaint only alleges that the article, in which Greenfield had no involvement, is insinuating Fredin is criminally harassing Greenfield. (ECF 2 37). The failure to identify the alleged defamatory comment or otherwise explain "insinuated" has been found to support dismissal *Brown v. Wisconsin*, No. 16-cv-346-bbc1, 2017 U.S. Dist. LEXIS 10182, at *51 (W.D. Wis. Jan. 25, 2017). Fredin does not allege any of the statements in the quotes are false.

Further, the complaint lumps allegations against defendants collectively which fails to provide notice of what acts Fredin alleges of Greenfield herself. A "complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (alteration in original).

The complaint fails to plead defamation to the required standard by not stating the particular words and by lumping Greenfield with the other defendants.

**B.  The Complaint lacks facts supporting claims for tortious interference.**

The allegations for Count 3, tortious interference, are made against Klasfeld, the Messenger and Greenfield. Count 4, conspiracy to tortuously interfere, is pled against all Defendants are the same as in Count 3 although with different headings. Both counts allege tortious interference with a contract. Fredin fails to plea the required elements of such a claim.

Under Wisconsin law, a claim for tortious interference with contract requires proof of five (5) elements: "(1) the plaintiff had a contract or a prospective contractual relationship with a third party, (2) the defendant interfered with that relationship, (3) the interference by the defendant was intentional, (4) there was a causal connection between the interference and damages, and (5) the defendant was not justified or privileged to interfere." *Wesbrook v. Ulrich*, 840 F.3d 388, 395 (7th Cir. 2016) (citing *Briesemeister v. Lehner*, 2006 WI App 140, 295 Wis. 2d 429, 720 N.W.2d 531, 542 (Ct. App. 2006)).

The tortious interference doctrine in Wisconsin requires a plaintiff to show that the defendant interfered with some bargained-for right or a sufficiently certain, concrete, and definite contract-like relationship between the plaintiff and a third party. See *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 689 (7th Cir. 1999) Fredin fails to identify any contract or contract like relationship with anyone.

The complaint for count 3, tortious interference, and count 4, conspiracy to tortiously interfere is devoid of any facts. It merely pleads the legal elements for tortious interference. There is no notice of what contracts are involved, with whom, and how Greenfield is alleged to have interfered with their relationship and any causal connection to damages.

Additionally, Fredin further fails to meet the basic requirement of notice pleadings when he makes the allegations collectively against the Defendants. By lumping Greenfield with the other defendants, he fails to give her notice of the allegations against her. Having failed to meet the requirements of notice pleadings, the claims must be dismissed *Ashcroft* 556 U.S. at 678 (2009).

**C.  The Complaint lacks facts supporting claims for emotional distress which is based on alleged defamation and tortious interference**

20

Count 5 for emotional distress is largely based the alleged defamation and tortious interference, which as stated above are legally insufficient. Fredin adds allegations that he did receive a response to his appeal of failure to receive his requested items in a FOIL production request but fails to allege any facts of how the Defendants are responsible for responding to such a request, and more specifically how Greenfield is responsible. This count is also legally insufficient.

**CONCLUSION**

For the foregoing reasons, Greenfield respectfully requests that the Court grant her motion, and dismiss Fredin's Complaint against her under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Additionally, having failed to meet the required elements of notice pleading, the complaint against Greenfield contained in counts 2 through 5 must be dismissed under Fed. R. Civ. P. 12(b)(6). Since the Court has no personal jurisdiction over Greenfield, any attempts to remedy other deficiencies would be futile. The Court should dismiss the complaint without leave to amend. Greenfield requests such further relief as to which she may be entitled, including attorney fees and costs.

Dated March 12, 2024

Respectfully submitted,

**CROSS LAW FIRM, S.C.**
Attorneys for Defendant Allison Greenfield

By:/s/Mary C Flanner
Mary C. Flanner
State Bar No. 1013095
Nola J. Hitchcock Cross
State Bar No. 1015817

**Cross Law Firm, S.C.**
Lawyer's Building,

21

845 North 11th Street
Milwaukee, WI 53233
Phone: (414) 224-0000
Fax: (414) 273-7055
mflanner@crosslawfirm.com
njhcross@crosslawfirm.com