UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

BROCK FREDIN,

    Plaintiff,

--against--

ADAM KLASFELD,
JAF COMMUNICATIONS, INC., d/b/a
"THE MESSENGER",
ALLISON GREENFIELD,
FRANK RUNYEON,

    Defendants.

Case No.: 24-CV-45 jdp

### DEFENDANT GREENFIELD'S RESPONSE IN OPPOSITION TO FREDIN'S REQUEST TO DELAY RESPONSE TO RESPONDING TO HER MOTION TO DISMISS

    Allison Greenfield opposes the request by Plaintiff Brock Fredin for an extension of time to respond to her motion to dismiss until after motions are filed by other defendants – one of whom has not even been served. Since filing his motion for an extension, Fredin has filed an affidavit of service on Runyeon. (ECF 12). Fredin's service of Allison Greenfield and Frank Runyeon suffer from the same defects. Fredin's suggestion of how he plans to serve Klasfeld by publication also fails in several respects to comply with the applicable statutes. Whether the other defendants will file motions to dismiss is speculative. In this response, Greenfield is not addressing Fredin's request to publish against Klasfeld as this argument is not directed towards her, but his plan clearly falls short.

1

**ARGUMENT**

Fredin has not shown good cause for an extension. Fed. R. Civ. P. Rule 6(b) Good cause is a substantial reason that is not "arbitrary, irrational, unreasonable, irrelevant, or capricious." *Solomon v. Elsea*, 676 F.2d 282, 287 (7th Cir. 1982). Any defenses to a conspiracy claim that may be asserted by other defendants will do nothing to support a finding of personal jurisdiction or support the other claims against Greenfield. Since the stated reason for the extension is irrelevant, it fails to support a just cause basis for an extension.

Fredin's letter motion concedes he has no facts supporting personal jurisdiction over Greenfield. Fredin's sole argument for asking for more time to respond to the motion to dismiss is because he needs "access to all Defendant's defenses before addressing a conspiracy claim." (Caption at bottom of page 1). He asserts that "the conspiracy claim hinges on the defenses that may be presented by the Defendants Klasfeld and Runyeon." His reference to a conspiracy claim appears to refer to his Count 2 captioned *Conspiracy to Defame against all Defendants*. (ECF 2).

The threshold issue is whether this Court has personal jurisdiction over Greenfield and, if it does not, a conspiracy allegation or any other allegation never gets addressed. Giving Fredin the added time he requests will not change the legal analysis for personal jurisdiction. He cannot cure this defect by getting responses from other defendants about conspiracy. Frankly, it is extremely doubtful that the Court has personal jurisdiction over them either. There is no reason to delay resolution of Greenfield's motion to dismiss.

As set forth in Greenfield's brief in support of her motion to dismiss, the Court lacks personal jurisdiction over Greenfield for several reasons. The summons is insufficient. The service of process is insufficient. Even if Fredin eventually cured these defects, the Court lacks personal jurisdiction because Greenfield has not purposefully directed any activity to Wisconsin

or availed herself of the privileges of this forum. Fredin's complaint lacks any facts supporting a finding of personal jurisdiction over Greenfield (or for that matter, over any of the defendants). He has not asserted any facts supporting this Court's exercise of personal jurisdiction over Greenfield. Nor will he assert any because there are none.

While Greenfield raised other defenses in her response, the court will not reach any of them if it lacks personal jurisdiction. See e.g., *E&G Franchise Sys. v. Grahek*, No. 03-C-276-C, 2003 U.S. Dist. LEXIS 24608, at *12 (W.D. Wis. Sep. 3, 2003) (Dismissal of party for want of personal jurisdiction, mooted motion for dismissal for failure to state a claim). For efficiency, Greenfield would agree to the Court advising Fredin that at this time he need only respond to the argument on dismissal for failure of personal jurisdiction and only answer remaining argument if the court does not the Rule 12(b)(6) arguments.

As for the response deadline, Fredin miscalculated his response deadline. Per the court's Admin Order 271 he has 21 days from March 12, 2024, the date of filing the motion to dismiss, which is April 2, 2024. If the Court grants him an extension just because he filed a motion not decided by April 2, the extension should be short, particularly because he has not met the good cause requirement. His reason for delaying is not based on a relevant reason.

Fredin is no stranger to legal process. Court documents are public records of which the Court can take judicial notice. See *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The Court may take judicial notice of cases from Pacer and Wisconsin CCAP. See Flanner Decl. Exhibit and B. While Fredin is a pro se plaintiff, he has well documented experience as a litigant including as a pro se plaintiff. See e.g, *Fredin v Middlecamp* 500 F. Supp. 3d 752 (2020).

## CONCLUSION

3

The Court should deny Fredin's request to extend his response deadline until after both defendants are served and file motions. If the Court is inclined to grant any extension, it should be short and not based on the actions of any other defendant. Greenfield deserves resolution of this case, and it is clear the decision should be dismissal for lack of personal jurisdiction.

Dated April 1, 2024

                                                Respectfully submitted,

**CROSS LAW FIRM, S.C.**
Attorneys for Defendant Allison Greenfield

By:/s/Mary C Flanner
Mary C. Flanner
State Bar No. 1013095

**Cross Law Firm, S.C.**
Lawyer's Building,
845 North 11th Street
Milwaukee, WI 53233
Phone: (414) 224-0000
Fax: (414) 273-7055
mflanner@crosslawfirm.com