UNITED STATES DISTRICT COURT
DISTRICT OF WESTERN WISCONSIN

| | |
|---|---|
| BROCK FREDIN,<br><br>                    Plaintiff,<br><br>  --against--<br><br>ADAM KLASFELD,<br>JAF COMMUNICATIONS, INC., d/b/a "THE MESSENGER",<br>ALLISON GREENFIELD,<br>FRANK RUNYEON,<br><br>                    Defendants. | Case No.  24-CV-45<br><br>**PLAINTIFF'S OBJECTION TO EXTENSION** |

Plaintiff Brock Fredin ("Plaintiff") proceeding *pro se*, objects to Defendants JAF Communications and Adam Klasfeld's extension request.

### PLAINTIFF'S OBJECTION TO EXTENSION

1. Plaintiff Brock Fredin objects to the motion for a time extension.

2. By filing their motion for an extension of time, Defendants JAF Communications and Klasfeld have implicitly waived any objections to service and accepted it.

3. The service made by Plaintiff on February 28, 2024, and April 6, 2024, constitutes valid service on Defendants JAF Communications and Klasfeld.

4. Defendant JAF Communications was served through its bankruptcy representative, and both Defendants JAF Communications and Klasfeld were served by publication.

5. Plaintiff Brock Fredin opposes any motion to join Defendants JAF Communications and Klasfeld with Defendants Greenfield or Runyeon's Motion to Dismiss.

1

6. Alternatively, should the Court decide to grant an extension, Plaintiff requests permission to file a motion for default judgment against Defendants JAF Communications and Klasfeld.

7. Moreover, Defendants JAF Communications and Klasfeld request to join Defendant Runyeon pleading is a waiver of any challenge to personal jurisdiction and service because Defendant Runyeon failed to challenge service. This is also true because of the conspiracy claim. *O'Brien v. R.J. O'Brien Associates, Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1993) ("once the defendant has waived objections based on insufficiency of process and submitted generally to the jurisdiction of the court, the court is powerless to dismiss the suit for lack of personal jurisdiction.")

8. Furthermore, in an abundance of caution, if the Court finds any issues with the Clerk's failure to file a summons on the public docket, Plaintiff requests that the Court direct the Clerk to file a summons for each Defendant on the public docket to effectuate service on their attorneys or another appropriate process as deemed proper by the Court.

9. At this point, any problems with service would compel Plaintiff to refile the lawsuit. To prevent further complications and in consideration of the resources already expended by Defendants, if the Court finds the service to be insufficient, Plaintiff respectfully requests that the Court promptly issue a directive to extend the time allowed to remedy any deficiencies in service.

Dated: April 29, 2024

s/ Brock Fredin
Brock Fredin
2163 US Highway 8, Suite 100
Saint Croix Falls, WI 54024
(612) 424-5512 (tel.)
brockfredin@icloud.com
Plaintiff, *pro se*