UNITED STATES DISTRICT COURT
DISTRICT OF WESTERN WISCONSIN

| | |
|---|---|
| BROCK FREDIN,<br><br>　　　　　　Plaintiff,<br><br>　　--against--<br><br>ADAM KLASFELD,<br>JAF COMMUNICATIONS, INC., d/b/a<br>"THE MESSENGER",<br>ALLISON GREENFIELD,<br>FRANK RUNYEON,<br><br>　　　　　　Defendants. | Case No.  24-CV-45<br><br><br>PLAINTIFF'S CORRECTED RESPONSE TO EXTENSION |

Plaintiff Brock Fredin ("Plaintiff"), proceeding *pro se*, responds to Defendants JAF Communications and Adam Klasfeld's extension request.

### PLAINTIFF'S CORRECTED RESPONSE TO EXTENSION

1.　By filing their motion for an extension of time, Defendants JAF Communications and Klasfeld have implicitly waived any objections to service and accepted it.

2.　Alternatively, should the Court hold a different view, Plaintiff requests that the Court exercise its discretion under Fed. R. Civ. P. Rule 4(m) to rectify any deficiencies in service.

3.　Plaintiff shows good cause under Rule 4(m) to "extend the time for service for an appropriate period." *U.S. v. McLaughlin*, 470 F.3d 698 (7th Cir. 2006); *See also Deluca v. Accessit Group, Inc*., 695 F. Supp. 2d 54 (S.D.N.Y. 2010) (granting an extension on the basis of a failed clerk summons).

4.　Plaintiff has shown reasonable efforts and diligence to serve Defendants.

5.　The statute of limitations in Wisconsin would not bar the claims, as evidenced by Defendants having actual notice through their pleadings.  Additionally, Defendants waived

1

service, indicated by Defendant Runyeon's failure to object together with Defendants request to join his waiver, and would not suffer any prejudice from an extension. *Hertzner v. U.S. Postal Serv.*, No. 05 Civ. 2371, 2007 WL 869585, at *7 (E.D.N.Y. Mar. 20, 2007) (identifying four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service).

6. The service made by Plaintiff on February 28, 2024, and April 6, 2024, constitutes valid service on Defendants JAF Communications and Klasfeld. Even if the Court does not agree, those services demonstrate reasonable diligence, supporting an extension for good cause.

7. Defendant JAF Communications was served through its bankruptcy representative, and both Defendants JAF Communications and Klasfeld were served by publication. If the Court wishes to direct the cure of service, under Wisconsin's publication statute, Plaintiff is only required to mail a corrected clerk summons and complaint.

8. Plaintiff otherwise opposes any motion to join Defendants JAF Communications and Klasfeld with Defendants Greenfield or Runyeon's Motion to Dismiss, with the sole exception being Defendant Runyeon's waiver of service, demonstrated by his failure to file an objection in his Motion to Dismiss.

9. Importantly, Defendants JAF Communications and Klasfeld's request to join Defendant Runyeon's pleading constitutes a waiver of any objections to personal jurisdiction and service, as Defendant Runyeon did not challenge the service. This is also true because of the conspiracy claim. *O'Brien v. R.J. O'Brien Associates, Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1993) ("once the defendant has waived objections based on insufficiency of process and submitted

generally to the jurisdiction of the court, the court is powerless to dismiss the suit for lack of personal jurisdiction.")

10. Furthermore, in an abundance of caution, if the Court finds any issues with the Clerk's failure to file a summons on the public docket, Plaintiff requests that the Court grant an extension under Rule 4(m) and direct proper service with a clerk summons.

11. At this point, any problems with service would compel Plaintiff to refile the lawsuit. To prevent further complications and in consideration of the resources already expended by Defendants, if the Court finds the service to be insufficient, Plaintiff respectfully requests that the Court promptly issue a directive to extend the time allowed to remedy any deficiencies in service.

Dated: April 29, 2024

                                                         s/ Brock Fredin
                                                         Brock Fredin
                                                         2163 US Highway 8, Suite 100
                                                         Saint Croix Falls, WI 54024
                                                         (612) 424-5512 (tel.)
                                                         brockfredin@icloud.com
                                                         Plaintiff, *pro se*