# Brock Fredin

2163 U.S. Highway 8 Suite 100 Saint Croix Falls, WI 54024 ● Phone: (612) 424-5512 ● E-Mail: brockfredin@icloud.com

Date:  April 7, 2025

**BY PACER**

Judge James D. Peterson
United States District Court
120 N. Henry St., Rm. 320
Madison, WI 53703

Re:    *Fredin v. Klasfeld, Case No. 24-CV-45*

Dear Judge Peterson:

This letter responds to the Court's March 21, 2025 Order.  I intend to file an amended complaint by April 14, 2025 and will correct any remaining service issues.  That said, I must make clear that the failure to serve lies entirely with the Court's own conduct — not mine.

The Court previously refused to issue a summons under the guise of Administrative Order No. 421 (Dkt. 40, May 15, 2024).  Without an issued summons, service was impossible.  This was not an oversight — it was a procedural obstruction.  To now suggest that I have failed to complete service, when the Court deliberately blocked the only mechanism by which service can occur, is both absurd and legally indefensible.

Under the Federal Rules of Civil Procedure, once a complaint is filed, the Court must issue a summons.  That is not optional.  The refusal to issue one is a direct violation of my due process rights and has denied me the basic opportunity to move this case forward.  This is not a mere clerical problem; it is a structural failure that undermines the legitimacy of these proceedings.

I am now respectfully asking that the Court immediately issue a summons, so that I can effectuate service without further delay.  If the Court continues to obstruct this process, I will consider seeking immediate appellate relief and filing a mandamus action.

Additionally, if the Court continues to withhold a summons, I request formal clarification: Is the Court invoking an alternative service exception under Fed. R. Civ. P. 4(d) or 4(e)(1)?  If so, I request an order authorizing either waiver service or substituted service in accordance with federal and state law. *Brockmeyer v. May*, 383 F.3d 798, 802–803 (9th Cir. 2004); *In re Potts*, 142 B.R. 870 (Bankr. N.D. Ill. 1992).

To be clear: I am prepared to serve Defendants the moment the Court fulfills its own basic procedural duty.  But I will not be scapegoated for procedural paralysis caused entirely by this Court's refusal to issue a summons.

Additionally, I am attaching the judicial misconduct complaint submitted to the Seventh Circuit regarding this Court's unlawful obstruction of this lawsuit by fabricating a service-related pretext and refusing to issue a summons, thereby preventing the case from proceeding. (*See* Att. A.)  The world — and the Trump Administration — deserve full transparency about what happened here.  I strongly urge the Chair of the Judiciary Committee to open an immediate investigation.

                                Sincerely,

                                s/ Brock Fredin
                                Brock Fredin

cc:    All Parties (by PACER)

# ATTACHMENT A

# Brock Fredin

2163 U.S. Highway 8 Suite 100, Saint Croix Falls, WI 54024 ● Phone: (612) 424-5512 ● E-Mail: brockfredin@icloud.com

Date:  March 24, 2025

**BY USPS**

The Judicial Council of the Seventh Circuit
219 South Dearborn Street
Chicago, Illinois 60604

　　　　Re:　　*Judicial Misconduct Complaint against Judge James D. Peterson*

Dear Members of the Judicial Council:

　　I am writing to file a judicial misconduct complaint against Judge James Peterson.

　　Judge Peterson attempted to sabotage the federal lawsuit against Allison Greenfield.  The case, captioned *Fredin v. Klasfeld*, Case No. 24-CV-45, is currently pending in the Western District of Wisconsin.

　　Specifically, Judge Peterson retroactively prevented a summons from being issued to taint the case.  There is no rule, governing statute, or basis in the law for his actions.  It seems that Judge Peterson concocted this rule specifically to obstruct this lawsuit.

　　Judge Peterson is actively violating President Trump's Executive Orders that prohibit federal officials from blocking the exercise of First Amendment rights, which includes the right to seek redress and access to the courts.

- "Restoring Freedom of Speech and Ending Federal Censorship"  (*See* https://www.whitehouse.gov/presidential-actions/2025/01/restoring-freedom-of-speech-and-ending-federal-censorship/.)

- "Ending the Weaponization of the Federal Government"  (*See* https://www.whitehouse.gov/presidential-actions/2025/01/ending-the-weaponization-of-the-federal-government/.)[1]

---

[1] By overseeing this case, Judge Peterson became aware of misconduct by Judge Susan Richard Nelson. He did not report the actions of Judge Nelson and Magistrate Judge Hildy Bowbeer, who issued an unlawful nationwide federal injunction, in the form of a gag order, that was both unconstitutional and financially punitive, prohibiting me from public speech and imposing severe fines. Judicial Canon 3D(1) mandates that a judge aware of reliable evidence suggesting a substantial likelihood of a violation of the Code of Conduct by another judge, which could question their fitness for office, must take appropriate action. Judge Peterson's failure to act in this instance is a clear oversight of his responsibilities under this canon.

The rule that blocks a summons and its retroactive enforcement in this case violates the Executive Order.

Additionally, this violates Judicial Canon 2A, which mandates that "A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." This action undermines public confidence in the judiciary's impartiality.

It also violates Canon 3B(5), which states, "A judge should not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, or engage in harassment, based upon attributes including but not limited to race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation." This section specifically prohibits actions that manifest bias or prejudice, including political bias, thereby protecting against any form of sabotage or undue influence due to political motivations.

Judge Peterson single-handedly prevented the case from going forward on the basis of political bias against President Trump.

Unfortunately, he attempted to shift blame for his judicial misconduct to me. He is the one who prevented the summons from being issued.

Moreover, it appears he may have retaliated against me through his former clerk or staff, Karl Anderson. Mr. Anderson is the District Attorney in St. Croix County, Wisconsin.

The federal lawsuit against Allison Greenfield, who was a clerk to Manhattan Supreme Court Justice Arthur Engoron, related to her own judicial misconduct.

It strikes me as EXTREMELY odd that Judge Peterson's former staff, Mr. Anderson, immediately filed bogus unlawful charges against me related to allegations of First Amendment exercise in St. Croix County at the EXACT SAME TIME when the complaint was filed against Allison Greenfield.

Even more odd, a global gag order was issued right away, barring me from publishing any material online. This was followed by certified letters from Clayton P. Kawski, a minion of Mr. Kaul, demanding that I never publish online again.

And, the criminal complaint mirrored the allegations levied against Ms. Greenfield. I was accused of publishing a peaceful website and several similarly peaceful posts on X exposing official misconduct by government officials.

---

Similarly, Judge Peterson's failure to report the misconduct of Assistant United States Attorney Lindsey Middlecamp also constitutes a violation of Canon 3D(2). According to this canon, a judge who receives credible information suggesting a substantial likelihood that a lawyer has breached the Rules of Professional Conduct in a way that raises serious questions about their honesty, trustworthiness, or overall fitness as a lawyer must take appropriate action. Judge Peterson's inaction in this matter contradicts these ethical obligations.

If true, any coordination or communication between Judge Peterson and his former staff, Mr. Anderson, or others, either direct or through third parties, including Josh Kaul, intended to taint this case, should lead to their immediate scrutiny by an ethics committee and a referral for prosecution by the Trump Department of Justice.

Judge Peterson should resign and President Trump must appoint a more qualified individual to fill his small role on the bench.

It is long overdue for Air Force Lt. Colonel Grace Miller and her girlfriend, the purple-haired Assistant United States Attorney Lindsey Middlecamp — identified as covert sources in this article — to be brought to justice and aggressively prosecuted for their extensive criminal misconduct. This accountability must also extend to any state actors who collaborated with them, including Judge Peterson's former clerk or staff member, Mr. Anderson.

I am sending this judicial complaint to Jim Jordan, the Chair of the House Judiciary Committee, ahead of next week's hearings on the impeachment of federal judges.

Sincerely,

s/ Brock Fredin

cc:   Jim Jordan, Chair of the House Judiciary Committee (by USPS and EMAIL)
cc:   Christopher G. Conway, Clerk of Court for the Seventh Circuit (by USPS and EMAIL)