IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BROCK FREDIN,

                Plaintiff,

  v.

ADAM KLASFELD, JAF COMMUNICATIONS INC., doing business as "THE MESSENGER," ALLISON GREENFIELD, and FRANK RUNYEON,

                Defendants.

ORDER

24-cv-45-jdp

---

Plaintiff Brock Fredin has filed a notice of appeal from my order dismissing his complaint for failure to state defamation or other related state-law claims against defendants and from my order denying Fredin's motion for reconsideration of my decision withholding the issuance of summonses until he properly states a claim for relief. Dkt. 48.

Fredin considers his appeal to be one from a final order. Dkt. 48-1 ("[T]his is an appeal from a final judgment disposing of all parties' claims."). But the clerk of court has correctly docketed Fredin's notice as one for an interlocutory appeal because I have not yet dismissed this case in its entirety. Rather, I dismissed Fredin's complaint and gave him a chance to submit an amended complaint. Dkt. 45, at 23–24. Fredin filed this appeal without first submitting an amended complaint, so it's unclear whether he means to abandon the chance to file an amended complaint.

Under 28 U.S.C. § 1292(b), a district court may not certify a nonfinal order for an interlocutory appeal unless: (1) "there is substantial ground for difference of opinion" as to the correctness of the order being appealed; and (2) an immediate appeal "may materially advance the ultimate termination of the litigation." I will not certify Fredin's appeal because it will not

materially advance the ultimate termination of this litigation, at least without knowing whether Fredin wishes to avail himself of the opportunity to submit an amended complaint. I'll give Fredin a final chance to submit an amended complaint; if he fails to do so by the deadline below I will dismiss the case in its entirety and treat his appeal as one from a final order.

Fredin also moves for leave to proceed without prepayment of the entire appellate filing fee, also known as "in forma pauperis" status, Dkt. 50. Fredin qualifies for in forma pauperis status from a financial standpoint, but I'll withhold a ruling on this motion until it is certain whether Fredin wishes to file an amended complaint.

ORDER

IT IS ORDERED that:

1. The court does not certify that an interlocutory appeal may be taken.
2. Plaintiff may have until August 13, 2025, to submit an amended complaint.

Entered July 30, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge